# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

OLIVIER BABADJIDE,
      Plaintiff,

v.                          Case No: 6:17-cv-658-Orl-28TBS

OFFICER RONALD BETTS,
      Defendant.

## ORDER

Plaintiff Olivier Babadjide filed this action against Ronald Betts, a City of Cocoa Beach police officer, on April 12, 2017. (Compl., Doc. 1). Babadjide brings two claims pursuant to 42 U.S.C. § 1983—excessive force (Count I) and malicious prosecution (Count II). Betts moves to dismiss, arguing that the excessive force claim is barred by the applicable four-year statute of limitations and that the malicious prosecution claim is insufficiently pleaded. (Mot., Doc. 10). Having considered the motion, Babadjide's Response (Doc. 24), and Betts's Reply (Doc. 28), the Court concludes that Betts's motion must be granted, but Babadjide will be granted leave to amend Count II.

### I. Background

Babadjide alleges in the Complaint that on or about May 30, 2012, he was tased and shot in the back by Betts "with no lawful reason" outside a 7-Eleven store. (Compl. ¶¶ 8 & 12–13). As a result, Babadjide is paralyzed. (Id. ¶ 13). Betts also allegedly "caused Plaintiff to be prosecuted" for resisting arrest with violence. (Id. ¶ 14). Babadjide was found not guilty of that charge in September 2016 but was found guilty of resisting an officer without violence. (Id.). Babadjide now brings § 1983 claims against Betts for violating the Fourth Amendment by using excessive force and maliciously prosecuting him.

## II. Legal Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## III. Discussion

### A. Count I—Excessive Force

"A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-barred.'" Gonsalvez v. Celebrity Cruises Inc., 750 F.3d 1195, 1197 (11th Cir.2013) (quoting LaGrasta, 358 F.3d at 845). Such is the case here. It is apparent from the face of the Complaint that Babadjide's excessive force claim accrued on May 30, 2012—the day he was tased and shot. He had four years from that date to bring an excessive force claim, but he did not file this suit until April 12, 2017—nearly five years later.

Babadjide relies on Heck v. Humphrey, 512 U.S. 477 (1994), and similar cases to attempt to avoid the bar of the statute of limitations, arguing that his excessive force claim did not accrue until his September 2016 acquittal because he "needed to wait for the

2

criminal case to be resolved before he could have filed the Complaint in this case." (Doc. 24 at 6). Babadjide's reliance on the Heck line of cases is misplaced, however. As the Supreme Court explained in Wallace v. Kato, 549 U.S. 384 (2007), "[t]he Heck rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" 549 U.S. at 393 (emphasis and alteration in original). "[A]n anticipated future conviction" does not support deferred accrual. Id. (emphasis removed); accord Leonard v. FBI, 405 F. App'x 386, 388 (11th Cir. 2010). Babadjide did not need to wait for the outcome of his criminal case to file an excessive force claim. Count I is barred by the four-year statute of limitations and will be dismissed with prejudice.

### B. Count II—Malicious Prosecution

Betts argues that Babadjide has not sufficiently alleged malicious prosecution, and the Court agrees. However, it does not appear beyond doubt that amendment would be futile. Betts argues that Babadjide has not alleged facts to show that Betts engaged in conduct after Babadjide's arraignment that caused Babadjide's prosecution, but Babadjide suggests in his response that Betts did engage in such conduct. If Babadjide can allege facts supporting this theory, he may be able to state a claim for malicious prosecution. He will be granted leave to amend Count II.

## IV. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. 10) **is GRANTED with prejudice in part** and **GRANTED without prejudice in part**.

2. Count I of the Complaint is **DISMISSED with prejudice** as barred by the statute of limitations.

3. Count II of the Complaint is **DISMISSED without prejudice** and with leave to amend. Plaintiff may file an amended complaint **on or before February 16, 2018. Failure to file an amended complaint by this deadline may result in dismissal of Count II with prejudice.**

**DONE** and **ORDERED** in Orlando, Florida, on February 1st, 2018.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

4