UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OLIVIER BABADJIDE,

    Plaintiff,

v.                                                  Case No: 6:17-cv-658-Orl-28TBS

OFFICER RONALD BETTS,

    Defendant.

## ORDER

This case comes before the Court on Defendant's Motion to Compel Better Rule 26 Disclosures and Better Responses to Discovery (Doc. 31). When Plaintiff did not respond to the motion, the Court entered an order giving him 7 additional days (Doc. 34). Plaintiff filed his response on February 9, 2018 (Doc. 36). In the response, Plaintiff's counsel reported that she had provided supplemental responses to the motion to compel and the discovery obligations were satisfied (Doc. 36). The Court directed Defendant to advise it whether Plaintiff's production mooted the motion to compel (Doc. 37), and on February 9, 2018, Defendant filed his response (Doc. 39). Defendant maintains that although "Plaintiff's supplemental production resolved some issues presented in the Motion to Compel, other deficiencies remain" (Doc. 39).

### Background

Plaintiff was shot by a police officer on May 30, 2012. He subsequently filed suit alleging that the officer who shot him, Defendant Olivier Babadjide, violated 42 U.S.C. § 1983 and 1988 by using excessive force (Doc. 1 at 4-5). Plaintiff also claims that Defendant violated Section 1983's malicious prosecution provision due to the fact that he "arrested, instituted and maintained by said arrest, the prosecution of Plaintiff in an

attempt to shield and cover himself from civil liability for falsely arresting Plaintiff, using excessive force in said arrest, thus causing Plaintiff to be paralyzed." (Doc. 1 at 5).

Plaintiff previously pursued these causes of action against the City of Cocoa Beach and Officer Ronald Betts in a case that was dismissed on February 15, 2017 (Case No. 6:16-cv-01977-JA-TBS, Docs. 2, 49) (the "First Case"). After the Court closed the First Case, Plaintiff filed a motion for permission to file his third amended complaint (First Case, Doc. 50). That motion was denied and Plaintiff filed a verified motion to reopen the case and to file a third amended complaint (First Case, Doc. 52). Plaintiff asked the court to reopen the case on the grounds that he failed to respond to the motion to dismiss because of his attorney's workload and the attorney's staff's mistake in calendaring the response date (Id.). On April 7, 2017, I entered a report recommending that the motion be denied (First Case, Doc. 54). Plaintiff filed this case less than a week later (Case No. 6:17-cv-658, Doc. 1). The Court subsequently adopted the report and recommendation and denied Plaintiff's motion to reopen the First Case (First Case, Doc. 55).

## Discussion

As a general matter, Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any non-privileged matter that is relevant to a party's claim or defense. "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." U.S. v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 698 (S.D. Fla. 1990) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL

3232227, at * 1 (M.D. Fla. Oct. 31, 2007) (citing United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958)). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. S.L. Sakansky & Assoc., Inc. v. Allied Am. Adjusting Co. of Florida, LLC, No. 3:05-cv-708-J-32MCR, 2007 WL 2010860, at *1 (M.D. Fla. Jul. 6, 2007).

Rule 26 requires parties to make initial disclosures which include a computation of each category of their damages and, unless privileged, make available for inspection and copying, the materials on which the computation is based. FED. R. CIV. P. 26(a)(1)(A)(iii). This requirement pertains to both economic and non-economic damages, such as pain and suffering, loss of enjoyment of life, and embarrassment. See Johnson v. R.J. Reynolds Tobacco Co., No. 2:12-cv-618-FtM-29SPC, 2013 WL 1899737, at *1 (M.D. Fla. May 7, 2013) ("This Court has generally required disclosure of Rule 26 information for non-economic compensatory and punitive damages ... Other courts in this district have also recently addressed Rule 26(a)(1)(C)'s damages disclosure requirements.

In LeBlanc v. Unifund CCR Partners, G.P., the court found that the plaintiff should be able to estimate damages in good faith and articulate the methods of calculations of his actual damages sought, which included 'pain, suffering, worry, fear, and embarrassment.'" No. 8:06-CV-1216-T-TBM, 2007 WL 2446900, * 1 (M.D. Fla. Aug.23, 2007). Plaintiff initially pled a claim for excessive force (Doc. 1, ¶¶ 17-25), however the Court dismissed that claim with prejudice (Doc. 32 at 3). Plaintiff's malicious prosecution claim was dismissed without prejudice and he was given leave to amend (Doc. 32 at 3-4).

Plaintiff's amended complaint does not plead a separate cause for malicious prosecution. Instead, it alleges Section 1983 violations and incorporates the malicious prosecution arguments into the facts section of the pleading (Doc. 38 at ¶¶ 11-13, 16, 19). Plaintiff requests damages in excess of $75,000 and implies that some portion of that is

to recover the cost of retaining an attorney to "clear the malicious prosecution" issue (Id. at ¶ 24). Plaintiff has failed to satisfy his duty to explain this damages calculation to Defendant. Therefore, the motion is granted to the extent it seeks a damage calculation for Plaintiff's malicious prosecution claim.

Defendant also alleges that Plaintiff's supplemental responses to interrogatories No. 12 and 14 are insufficient (Doc. 39 at 2-4). Defendant acknowledges that Plaintiff's response to interrogatory 12 is "potentially responsive" but "fails to identify the dates on which Officer Betts took those actions" (Doc. 39 at 3). The motion to compel is **granted** in-so-far as Plaintiff is directed to specify the dates that correspond to the actions detailed in his response to the interrogatory.

Defendant maintains that Interrogatory 14 does not clearly attach any wrongdoing to Officer Betts and that any allegation against him must be made explicit (Doc. 39 at 4). Interrogatory 14 requested:

> For each piece of evidence identified in response to Interrogatory No. 13 above, identify the specific person(s) who you contend destroyed the evidence and describe every fact that supports your contention.

(Doc. 39 at 4; Doc. 39-2 at 4-5). Plaintiff's amended answer states:

> Answer is responsive in that Cocoa Beach Police Department or the Brevard County Sheriff was in possession at the time the dashcam video wasn't working properly on the day of the incident. The Vehicle was turned off and the dashcam video turned off which is not protocol.
>
> Both Officer Betts and Officer Hernandez had dashcam videos that showed the events leading up to the tazing and shooting but were turned off when the actual shooting occurred. However after the tazing and shooting occurred and I was lying on the ground, the dashcam videos were up and working again.

(Id.). Plaintiff has identified the only two individuals who had access to destroy the dashcam video and explained the factual circumstances that enabled him to reach this

conclusion. Discovery is still in its infancy[1] and certain information – like the kind of specifics Defendant seeks here – are bound to be forthcoming. Therefore, I find that Plaintiff's amended answer is responsive to interrogatory 14 and the motion to compel a better response is **denied**.

Lastly, Defendant maintains that despite Plaintiff's response promising production, no documents were produced in response to document request No. 47 (Doc. 39 at 4-5). To the extent Plaintiff has not produced documents responsive to this (or any other) requests, the motion to compel is **granted**.

Defendant's request for attorney's fees is **denied**. In this circumstance, the Court finds that an award of legal expenses to either party pursuant to Federal Rule of Civil Procedure 37(a)(5) would be unjust.

**DONE** and **ORDERED** in Orlando, Florida on February 20, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[1] The discovery deadline in this case is: October 5, 2018 (Doc. 20 at 1).